# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RONALD L. SATTERLEE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-03046-CV-S-RK |
| INTERNAL REVENUE SERVICE, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's motion to dismiss. (Doc. 12.) The motion is fully briefed. (Docs. 13, 15, 16.) For the reasons set forth below, that motion is **DENIED.**

## Background

The present case ("*Satterlee II*") is closely related to a prior case brought by Plaintiff: *Satterlee v. Commissioner*, 2019 WL 4040625 (W.D. Mo. Aug 27, 2019) ("*Satterlee I*"). In *Satterlee I*, Plaintiff Ronald L. Satterlee filed suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552(a), to compel Defendant Internal Revenue Service to respond to his alleged unanswered FOIA requests. Defendant denied having record of Plaintiff's FOIA requests, and Plaintiff could provide no evidence Defendant actually received the requests. The Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction. The Court held Plaintiff failed to exhaust his administrative remedies—a prerequisite to bringing an action under FOIA—determining Plaintiff did not carry his burden of proving Defendant received his FOIA requests.

Plaintiff now alleges he resubmitted his FOIA requests, one in October 2020 ("October Request"), (Doc. 1, 10-12), and one in November 2020 ("November Request"), (Doc. 1, 21-26). Defendant allegedly responded to neither request. Plaintiff again brings this lawsuit under FOIA and the Privacy Act to compel Defendant's response. In contrast to *Satterlee I*, Plaintiff provides evidence purportedly showing Defendant received his FOIA requests in the form of certified mail receipts. The receipts are allegedly signed by employees of Defendant, and USPS tracking logs claim the packages were delivered to an address in Washington D.C., 20220—the zip code where Defendant receives FOIA requests. Defendant claims to have no record of either request.

## Legal Standard

Federal courts are "courts of limited jurisdiction" with "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Parties may move to dismiss any claim lacking subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A court must dismiss any claim lacking subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A challenge under 12(b)(1) may present either a "facial attack or a factual attack." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Factual attacks, like this case, require the court to resolve all factual disputes to "satisfy itself as to the existence of its power to hear the case." *Osborne v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). When facing factual challenges to jurisdiction, plaintiffs in federal court bear "the burden of proof that subject matter jurisdiction does in fact exist" and enjoy "no presumptive truthfulness." *Id.* (quoting *Mortensen v. First Fed. Savs. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Unlike facial jurisdictional challenges where courts consider only the parties' pleadings, "the trial court is free to weigh the evidence" when considering a factual jurisdictional challenge, and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Mortensen*, 549 F.2d at 891).

For the Court to have jurisdiction over claims under FOIA and the Privacy Act, Plaintiff must exhaust his administrative remedies. *Widtfeldt v. United States*, 2013 WL 2149100, at *4 (D. Neb. May 16, 2013) ("[C]ourts in the Eight Circuit have concluded that a plaintiff's failure to exhaust his administrative remedies under FOIA deprives this Court of subject matter jurisdiction…."). In order to exhaust administrative remedies, Plaintiff must demonstrate he made a request and that Defendant received it. *See Thomas v. Fed. Aviation Admin.*, 2007 WL 2020096, at *3 (D.D.C. July 12, 2007) (dismissing FOIA claim for failure to exhaust administrative remedies when plaintiff "had not produced any evidence demonstrating the alleged request was either sent or received" to rebut defendant's sworn affidavit detailing the process used to determine it had not received plaintiff's request). Even on proper showing of exhaustion of administrative remedies, jurisdiction over a FOIA request "is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). Additionally, FOIA requests do not require agencies to "answer questions…, or to create documents or opinions in response to an individual's request for information," and the

Court will dismiss FOIA claims if it finds "that plaintiffs have not requested 'records.'" *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985).

## Discussion

Defendant's argument in the motion to dismiss is two-fold. First, Defendant argues the Court lacks jurisdiction because Plaintiff's evidence does not sufficiently establish Defendant received either the October Request or November Request, and, therefore, Plaintiff has not exhausted his administrative remedies. Second, Defendant contends the November Request is not a valid FOIA request because it does not ask for records.

As to Defendant's first argument, Defendant cites several cases in an effort to demonstrate courts do not consider signed certified mail delivery confirmation receipts sufficient to prove agency receipt of a FOIA request. *Carbe v. Bureau of Alcohol, Tobacco, and Firearms*, 2004 WL 2051359, at *1 (D.D.C. Aug. 12, 2004); *Schoenman v. FBI*, 2006 WL 1126813, at *13, *16 (D.D.C. Mar. 31, 2006); *Sussman v. Dept. of Justice*, 2006 WL 2850608, at *5 (E.D.N.Y. Sept. 30, 2006); *Arnold v. Secret Serv.*, No. CIV A 05-0450 RBW, 2006 WL 2844238, at *2 (D.D.C. Sept. 29, 2006) ("*Arnold II*"), *vacating, on reconsideration,* 2006 WL 8449850 (D.D.C. Feb. 8, 2006) ("*Arnold I*"). However, the plaintiffs in most of the cited cases, provided less evidence of receipt than Plaintiff does now. In *Carbe* and *Schoenman*, the plaintiffs submitted no documentation or evidence in any capacity to support the actual receipt of FOIA requests. *Carbe*, 2004 WL 2051359, at *8 ("While Mr. Carbe mailed his request and appeal, there is no record of receipt of those documents by the agency."); *Schoenman*, 2006 WL 1126813, at *13 ("Without a copy of a stamped envelope showing the mailing of the request, or a returned receipt certifying the actual receipt of the request by the agency, Plaintiff cannot meet the statutory requirements under FOIA requiring an agency's 'receipt' to begin the production process."). In contrast to *Carbe* and *Schoenman*, Plaintiff's certified mail receipts (Doc. 1 at 18, 45), and tracking documents (Doc. 15-1 at 3, 9), purportedly demonstrate he actually sent the FOIA requests and they were received.

In *Sussman*, the plaintiff's certified mail stamps did not sufficiently establish receipt of the request because plaintiff did not produce signed delivery receipts. *Sussman*, 2006 WL 2850608, at *5 ("Despite Plaintiff's assertions, he provides no evidence to support his case: he simply provides copies of receipts to confirm that the request was in fact mailed, but nothing to indicate that the requests were in fact received"). In contrast, Plaintiff here provides signed delivery receipts as evidence of delivery. (Doc. 15-1 at 4, 10).

3

Defendant cites *Arnold II* to demonstrate that delivery receipts do not provide sufficient proof. The court in *Arnold II*, however, determined the signed delivery receipt was not "component evidence" only because the receipt was obviously fraudulent—it was dated more than a month before Plaintiff even sent correspondence in the mail. *Arnold*, 2006 WL 2844238, at *2. Furthermore, *Arnold I* directly supports signed delivery receipts generally providing sufficient evidence to survive a motion to dismiss. *Arnold*, 2006 WL 8449850, at *2 (holding plaintiff "proffered competent evidence sufficient to present a genuine issue of material fact as to whether he has exhausted his administrative remedies" before defendant motioned for reconsideration). Defendant, here in contrast, has not disputed the validity of any delivery receipts, timestamps, or signatures.

Moreover, many courts have implicitly held certified mail delivery receipts provide sufficient evidence in FOIA cases. *See, e.g.*, *Reynolds v. U.S. Dept. of Justice*, 2017 WL 1495932, at *2 (D.D.C. Apr. 26, 2017) ("Plaintiff does not offer proof via, *e.g.*, a certified-mail receipt…that his missives reached their intended target"); *Carter v. United States*, 2016 WL 4382725, at *4 (S.D. Ohio Aug. 16, 2016) ("However, he has not provided the Court with sufficient evidence…such as a return receipt for that mail…. In fact, the certified mail receipt that plaintiff has submitted shows that he did not purchase return receipt service") (citations omitted). [1] Here, Plaintiff provided sufficient evidence to demonstrate Defendant received both mailed requests. Plaintiff's proffered evidence is sufficient to satisfy the Court at this time he exhausted his administrative remedies.

As to Defendant's second argument challenging the validity of the November Request, the Defendant's argument also fails. Defendant contends the November Request does not ask for "records," rather the Request is a demand to cease debt collection against Plaintiff until Defendant produces the requested documents. Courts construe FOIA requests liberally in favor of disclosure. *See Cox v. U.S. Dept. of Justice*, 576 F.2d 1302, 1304 (8th Cir. 1978) ("[FOIA] provisions are to be interpreted broadly to achieve the goal of full disclosure."). That mandate includes construing otherwise invalid questions or demands for action as valid when they request documents. *See Yagman v. Pompeo*, 868 F.3d 1075, 1079-81 (9th Cir. 2017) (holding that a letter containing questions, facially outside the purview of FOIA requests, plausibly presented a valid request for

---

[1] Plaintiff submitted receipts indicating he purchased return receipt service for both the October request (Doc. 15-1 at 2), and the November request (Doc. 15-1 at 11).

records given the mandated liberal construal of FOIA requests. Plaintiff made several requests in the November Request, including:

> an exact copy of any "IRS LEVY" perfected by a judgment from a court of competent jurisdiction for years ending 1998 through year ending 2020 complete with all certifications and signatures be forwarded to below location with judgment

(Doc. 1 at 24) (cleaned up). Although the October Request has similar language,[2] Defendant does not object to the October Request. Defendant contends the November Request differs because, unlike the October Request, Plaintiff framed it as a demand for action—"debt collector shall cease collection of the disputed debt until debt collector forwards the following Documents"—outside the scope of FOIA requests for records. *See* (Doc. 13 at 7) (Quoting Doc. 1 at 24). When construing the November Request liberally, it contains the same valid request contained within the October Request.[3]

## Conclusion

After considering the evidence presented by Plaintiff and Defendant, Plaintiff sufficiently demonstrated at this juncture Defendant received both the October and November Requests and that Plaintiff exhausted his administrative remedies. The Court is satisfied at this time it has subject matter jurisdiction over the action. Therefore, Defendant's motion to dismiss (Doc. 12), is **DENIED.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark<br>
ROSEANN A. KETCHMARK, JUDGE<br>
UNITED STATES DISTRICT COURT

DATED: June 23, 2021

---

[2] The October Request asks for "an exact copy of any 'Tax Levy' perfected by a judgment from a court of competent jurisdiction for years ending 1998 through year ending 2018 complete with all certifications and signatures be forwarded to below location." (Doc. 1 at 10) (cleaned up).

[3] Both Requests ask for more records than the tax levies and do not repeat the same requests verbatim.