# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

RONALD LEROY SATTERLEE,      )
      )
      Plaintiff,      )
      )
      v.      )      Case No. 6:21-cv-03046-RK
      )
INTERNAL REVENUE SERVICE,      )
      )
      Defendant.      )

## ORDER

Now before the Court is Defendant's motion for summary judgment. (Doc. 36.) The motion is fully briefed. (Docs. 37, 42, 43.)[1] After careful consideration and for the reasons stated below, Defendant's motion for summary judgment is **GRANTED in part** and **DENIED in part**.[2]

## I. Background

Plaintiff filed this complaint against Defendant on February 8, 2021, asserting claims under the Freedom of Information Act ("FOIA") and the Privacy Act, 5 U.S.C. §§ 552, 552a. (Doc. 1.)[3]

In October 2019 and November 2020 Plaintiff sent two requests seeking documents and records from Defendant under FOIA/the Privacy Act. In his first request, dated October 21, 2019, Plaintiff requested:

- "an exact copy of THE Certification(s) (Described below and required by Federal Regulations) for years ending 1998 through 2018 complete with all certifications and signatures"; and

- The "'Proof of Claim' and 'Verification of Debt' . . . for each year ending 1998

---

[1] Defendant did not file a reply brief.

[2] Also pending before the Court is Defendant's motion to strike Plaintiff's suggestions in opposition (Doc. 46). The motion is now **DENIED as moot**.

[3] Plaintiff also references the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692g. (Doc. 1 at 1.) Plaintiff's claims asserted against Defendant in this action, however, are based upon Defendant allegedly "unlawfully withholding records requested by Plaintiff." (*Id.* at 6.) It does not appear Plaintiff otherwise asserts a substantive claim under the FDCPA in this lawsuit. Thus, the Court considers the FDCPA only in the context of Plaintiff's FOIA/Privacy Act claims.

through 2018[.]"[4]

Additionally, on November 5, 2020, Plaintiff submitted a second request for a number of records and documents, including:

- "the name and address of the original creditor";

- "the Sworn and Attested 'Ratification of Commencement' specifically identifying Foundation of Cause of Action against [Plaintiff] stating specific violations of the Federal Regulation (C.F.R.) for which 26 U.S.C. 6702 provides authority. . . . That is: 'proof of claim' made under oath and pain and penalty of perjury, Notarized and the Claimant purporting to have the same to be Legally and Specifically identified by name; and that identified person must provide 'proof of claim' made under oath and pain and penalty of perjury, otherwise that person does NOT HAVE A CLAIM against [Plaintiff]";

- "Copies of Sworn and Attested Oath of Office of Claimant(s)";

- "Copies of IRS agent TAMARA D. FETTEROLF Duty Assignments, Delegations of Authority showing Office Assignments of Claimant(s) and/or stating and stipulating Authority to enforce Title 27 Code of Federal Regulations for which 26 U.S. Code 6334 and § 6331 provides authority";

- "an exact copy of the Demand for Payment which IRS Agent TAMARA D. FETTEROLF (ID. 1000594202) referenced on IRS Form 668(Y)(c) 'Notice of Federal Tax Lien' (417704920 and 417705020)";

- "an exact copy of the 'Levy' which IRS TAMARA D. FETTEROLF (ID. 1000594202) alleges on reverse side of IRS Form 668W(ICS) 'Notice of Levy on Waves, Salary, and Other Income' dated 10-13-2020" which states, "A levy was served on the person named on the front of this form";

- "the IRS assessment proclaimed by IRS Agent TAMARA D. FETTEROLF (ID. 1000594202) on IRS Form 668(Y)(c) 'Notice of Federal Tax Lien' (417704920 and 417705020) which is required to be made by the appropriate TTY Officer in accordance with Title 27 CFR Part 70 for which 26 U.S.C. 6201 provides authority";

- "all Evidences of Judgment, Judgment(s) as Debtor, of Levy, of Garnishee, of Lien";

---

[4] In his response to Defendant's motion for summary judgment, Plaintiff acknowledges and accepts that (1) he received documents responsive to some requests, or (2) that responsive documents do not exist as to other requests. The Court appreciates Plaintiff's candid responses in this matter. In this regard, the Court does not specifically address those requests for which Plaintiff has admitted that he received responsive documents or those requests for which Plaintiff accepts that no responsive documents exist for Defendant to otherwise respond to a specific FOIA/Privacy Act request.

- "forward the Contract, Agreement, Negotiable Instrument, or waiver with signature of [Plaintiff] in Blue/Blue Black ink stipulating agreement to pay any amounts in excess of that stated on lawfully filed 1040 tax return for year ending 2004, 2006, 2007, 2008 or any hear IRS alleged debt";

- "a copy of the valid UCC-1 Form filed, upon which is shown the alleged debtor's signature and the creditor's signature";

- "the financing statement/security agreement signed by the alleged debtor and the secured party"; and

- "the valid court order, based on a court judgment wherein the alleged debtor has had due process opportunity to contest the alleged debt."

In his complaint, Plaintiff alleges Defendant was not responsive to his two FOIA requests, has failed to conduct an adequate search for records as required by the law, and otherwise improperly withheld certain agency records.

On June 23, 2021, the Court denied Defendant's motion to dismiss Plaintiff's complaint for lack of jurisdiction, finding Plaintiff had demonstrated Defendant received both FOIA requests and therefore Plaintiff had exhausted his administrative remedies. (*See* Doc. 21.) On October 29, 2021, Defendant filed the instant motion for summary judgment. Specifically, Defendant argues (1) it has conducted a reasonable search responsive to Plaintiff's FOIA requests and has released responsive records it located, and (2) it has otherwise properly withheld certain personnel records pursuant to 5 U.S.C. § 552(b)(6). On October 28, 2021, 217 pages of documents were released to Plaintiff in response to his various requests.

In support of its motion for summary judgment, Defendant submitted a sworn declaration from Kevin Cummiskey, an attorney for the Internal Revenue Service with the Office of Associate Chief Counsel for Procedure and Administration. (*See* Doc. 37-1.) In his declaration, Attorney Cummiskey states that part of his official duties is to "assist[] the Department of Justice (DOJ) with [Defendant]'s views on defending against claims made pursuant to the Freedom of Information Act," and which duties "require that [he has] knowledge of the procedures and requirements for making FOIA requests." (*Id.* at 1, ¶ 1.) Further, Attorney Cummiskey states that he "assisted DOJ in searching for and obtaining responsive records" to Plaintiff's two requests, and "personally reviewed these records." (*Id.* at ¶ 2.) In addition, Attorney Cummiskey states that

3

pursuant to "I.R.M. 11.3.13.3.10(4),"[5] Plaintiff's requests were "processed under FOIA instead of the Privacy Act" to ensure "greater access to the records plaintiff requests." In answering Plaintiff's requests, Attorney Cummiskey states in the sworn declaration the responses fall into three categories: (1) either responsive documents or the most responsive documents (i.e., a certificate of assessment and/or notices of federal tax lien) were discovered and produced to Plaintiff; (2) requested records do not exist; or (3) response to Plaintiff's requests were withheld as exempt from disclosure under § 552(b)(6).

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. "[A] dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "In considering a motion for summary judgment, the court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008) (citation omitted). "Once the movant fulfills its responsibility of informing the court of the basis for its motion, identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 857 (8th Cir. 2018) (quotation marks and citation omitted).

Summary judgment is available in a FOIA action where an agency demonstrates that it has fully discharged its obligations under the FOIA. *Mo. Coalition for Env't Found. V. Army Corps of Eng'rs*, 542 F.3d 1204, 1209 (8th Cir. 2008). An agency meets the burden for summary judgment when the agency proves "that each document that falls within the class requested either

---

[5] This provision of the Internal Revenue Manual provides that when a request for documents or records cites both the FOIA and the Privacy Act, as Plaintiff did here, the request "will be classified under the statute that allows the greatest access," which is "generally" under the FOIA. I.R.M. § 11.3.13.3.10(4).

has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Miller v. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985). "[T] burden remains on the government to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found . . . once the agency has shown by convincing evidence that its search was reasonable, i.e., that it was especially geared to recover the documents requested, then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith." *Id.* "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in good faith." *Id.* (citing *Goland v. C.I.A.*, 607 F.2d 339, 352 (D.C. Cir. 1978)). Affidavits may be relied on to establish either that all documents have been produced, that documents are unidentifiable, or that identified documents are exempt from disclosure. *Id.*

### III. Discussion

Before reaching the merits of Defendant's motion for summary judgment, the Court must make clear the limited scope of the instant proceeding. This case concerns **_only_** Plaintiff's claim under FOIA and the Privacy Act based upon his requests for production of certain documents or records from Defendant. This case does **_not_** include to any extent the validity or lawfulness of any contemporaneous tax-related enforcement or on-going dispute that may exist between Plaintiff and Defendant. In much of his summary judgment briefing in response, Plaintiff presents substantive argument whether Defendant has acted lawfully or with proper legal authority regarding various apparent tax-related disputes in which Plaintiff and Defendant appear to be otherwise involved. In the context of this FOIA/Privacy Act case, the Court does not entertain or consider any argument (1) as to the legality or lawfulness of any act, or (2) as to any asserted federal authority involving Plaintiff and Defendant outside Defendant's response to Plaintiff's FOIA/Privacy Act requests.

For ease of reference, the Court will address the parties' summary judgment arguments in the context of three general categories of responses to Plaintiff's numerous FOIA/Privacy Act requests: (1) those requests for which a certificate of assessment and/or a notice of federal tax lien were produced as most responsive to the request; (2) those requests for which no responsive records were discovered; and (3) those requests for which Defendant asserted § 552(b)(6) and

withheld production of records exempt.[6]

### A. Plaintiff's requests for which a Certificate of Assessment and/or Notice of Federal Tax Lien were provided as records most responsive to the request.

Relying on Attorney Cummiskey's sworn statement, Defendant maintains a FOIA search was completed for the following requests and a certificate of assessment and/or a notice of federal tax lien was provided as being most responsive to the request:

(1) The "'Proof of Claim' and 'Verification of Debt' . . . for each year ending 1998 through 2018";

(2) "the name and address of the original creditor'";

(3) "an exact copy of the 'Levy' which IRS TAMARA D. FETTEROLF (ID. 1000594202) alleges on reverse side of IRS Form 668W(ICS) 'Notice of Levy on Waves, Salary, and Other Income' dated 10-13-2020" which states, "A levy was served on the person named on the front of this form";

(4) "the IRS assessment proclaimed by IRS Agent TAMARA D. FETTEROLF (ID. 1000594202) on IRS Form 668(Y)(c) 'Notice of Federal Tax Lien' (417704920 and 417705020) which is required to be made by the appropriate TTY Officer in accordance with Title 27 CFR Part 70 for which 26 U.S.C. 6201 provides authority"; and

(5) "all Evidences of Judgment, Judgment(s) as Debtor, of Levy, of Garnishee, of Lien."

In each instance, Defendant maintains, relying on Attorney Cummiskey's declaration, that for various reasons there are no records or documents that are directly responsive to Plaintiff's request but that the certificate of assessments and/or notices of federal tax lien were provided as most responsive to Plaintiff's request.

---

[6] To the extent Plaintiff challenges the qualifications of Attorney Cummiskey to conduct a responsive search as to his requests, the Court finds Attorney Cummiskey is qualified. In his sworn declaration, Attorney Cummiskey states that (1) he is an attorney for the Office of Associate Chief Counsel for Procedure & Administration and is responsible for assisting the Department of Justice concerning claims made against Defendant under FOIA; (2) he personally has "knowledge of the procedures and requirements for making FOIA requests"; (3) he personally "search[ed] for and obtain[ed] responsive records" and "personally reviewed these records" pertaining to Plaintiff's FOIA requests; and (4) Plaintiff's requests were "processed under FOIA." (Doc. 37-1 at ¶¶ 1-3.) *See Hall v. Fed. Bureau of Prisons*, 132 F. Supp. 3d 60, 66-67 (D.D.C. 2015) (rejecting FOIA-requestor's challenge that declarant was not qualified where declarant attests to familiarity with FOIA, plaintiff's requests, and the response to plaintiff's requests, noting "an individual with knowledge of the handling of the plaintiff's request is a qualified declarant") (citations omitted).

First, the Court recognizes Plaintiff's main argument in opposing summary judgment as to these requests specifically challenges the legal import or legal effect of the certificate of assessment provided by Defendant in response to these requests (rather than the adequacy of the certificate of assessment in responding to these requests). Plaintiff argues the document produced is nothing more than "hearsay" and has not been properly "authenticated" because it bears a "rubber stamp[]" rather than a personal signature.[7] To the extent a certificate of assessment was produced in response to any one of Plaintiff's FOIA/Privacy Act requests, Plaintiff fails to provide any legal authority or argument to conclude the document's "authentication" (or its status under, for instance, any evidentiary rules or rules of procedure) has any bearing on whether Defendant has appropriately complied with FOIA. The Court is not aware of any legal authority that holds the legal significance of any document or record produced in response to any one of Plaintiff's FOIA requests has any bearing on whether Defendant has, as a matter of law, satisfied its burden of production under FOIA and/or the Privacy Act.

The only question that remains is whether Defendant has established it satisfied its burden under federal disclosure law in responding to Plaintiff's FOIA/Privacy Act requests. For the reasons explained below, given the nature of these requests for documents or records, the Court finds Defendant has sufficiently demonstrated it satisfied its burden of production under FOIA by providing to Plaintiff the certificate of assessments and/or notices of federal tax liens as to these requests.

### 1. Plaintiff's request for the "'Proof of Claim' and 'Verification of Debt' . . . for each year ending 1998 through 2018."

In his request for "proof of claim" and "verification of debt," Plaintiff cites the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692g. Section 1692g(a) requires a "debt collector" to send "consumer[s] a written notice" containing information including the amount of the debt owed and the name of the creditor to whom a debt is owed, among other information. As Attorney

---

[7] Throughout his brief, Plaintiff cites 26 U.S.C. § 6103(p)(2)(C), which states: "Any reproduction of any return, document, or other matter made in accordance with this paragraph shall have the same legal status as the original, and any such reproduction shall, if properly authenticated, be admissible in evidence in any judicial or administrative proceeding as if it were the original, whether or not the original is in existence." Even assuming this provision applies to the certificate of assessments produced in this case, nothing in this statute *requires* such reproduction to be authenticated, but only gives legal import to such reproduction "if properly authenticated."

7

Cummiskey states in his sworn declaration, however, § 1692g does not apply to Defendant because it is not a "debt collector" as that term is used in the FDCPA and because tax issues are not "debt" to which the FDCPA applies. (Doc. 37-1 at ¶ 12).[8] Attorney Cummiskey states he obtained a "Certificate of Assessment" that identified tax filing assessments and penalty assessments for the years 1998-2018.[9] FOIA "only requires disclosure of certain documents which the law requires the agency to prepare or for which the agency has decided for its own reasons to create." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 161-162 (1975); *see Klinge v. I.R.S.*, 906 F. Supp. 434, 436 (W.D. Mich. 1995) ("An agency is not required to create records that do not exist to fulfill a request" and "[g]enerally, an agency record [subject to disclosure] is a document that is either created or obtained by an agency and under agency control at the time of the FOIA request.") (citations omitted). In the context of this case, the Court finds Defendant has sufficiently demonstrated it has satisfied its burden and fully discharged its obligation under FOIA as to this request.

> **2.  Plaintiff's request for the "the name and address of the original creditor."**

The same holds true for Plaintiff's request for the "name and address of the original creditor." While Attorney Cummiskey states it is not clear who the "creditor" is from Plaintiff's request, he also states to the extent Plaintiff is referring to the IRS, the fourteen notices of federal tax liens otherwise identify the IRS with addresses. (Doc. 37-1 at ¶ 13.) Plaintiff does not directly respond regarding Defendant's production as to this request and the uncontroverted record demonstrates the certificate of assessment otherwise responds to Plaintiff's request. Accordingly, the Court finds Defendant has sufficiently demonstrated it has satisfied its burden and fully discharged its obligation under FOIA as to this request.

---

[8] Under the FDCPA, "debt collector" is defined to *exclude* "any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of [their] official duties" and "debt" is defined as "any obligation . . . of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are for personal, family, or household purposes." § 1692a(5) & (6); *see also Dressler v. Equifax, Inc.*, 805 Fed. App'x 968, 973 (11th Cir. 2020) (the FDCPA does not apply to tax obligations owed to the IRS).

[9] Whether or not the assessments and penalties imposed by Defendant against Plaintiff are lawful is wholly outside the scope of the instant FOIA/Privacy Act lawsuit.

3. **Plaintiff's request for "an exact copy of the 'Levy' which IRS TAMARA D. FETTEROLF (ID. 1000594202) alleges on reverse side of IRS Form 668W(ICS) 'Notice of Levy on Waves, Salary, and Other Income' dated 10-13-2020" which states, "A levy was served on the person named on the front of this form."**

Attorney Cummiskey states that the notice to which Plaintiff's request refers is "computer generated and not maintained by the [IRS]," but the certificate of assessments indicates this notice of levy was issued. (Doc. 37-1 at ¶ 21.) In his response, Plaintiff maintains this FOIA request concerns the actual levy itself, not the "notice of levy." (Doc. 43 at 89.) With this clarification, it is not clear what Plaintiff's request seeks. The Internal Revenue Code, specifically 26 U.S.C. § 6331(a) authorizes the "Secretary to collect such tax [that is, a tax that has not been paid after notice and demand for payment of such tax liability] . . . by levy upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax." Further, the law provides that "[t]he term 'levy' as used in this title includes the power of distraint and seizure by any means," and requires that notice be made within thirty days "before the day of the levy." § 6331(b) & (d). Accordingly, the Court finds Defendant has demonstrated it has satisfied its burden as to this request by providing Plaintiff the certificate of assessment showing the "notice of levy was issued" and has fully discharged its obligation under FOIA as to this request.

4. **Plaintiff's request for "the IRS assessment proclaimed by IRS Agent TAMARA D. FETTEROLF (ID. 1000594202) on IRS Form 668(Y)(c) 'Notice of Federal Tax Lien' (417704920 and 417705020) which is required to be made by the appropriate TTY Officer in accordance with Title 27 CFR Part 70 for which 26 U.S.C. 6201 provides authority."**

In his declaration, in responding to Plaintiff's request, Attorney Cummiskey states the "certified record of assessment substantiat[es] the assessments made on plaintiff's account relating to his annual filings and penalties." (Doc. 37-1 at ¶ 23.) In response, Plaintiff argues only that the certified record of assessment is not properly authenticated. In this context, the Court finds Defendant has sufficiently demonstrated it has satisfied its burden and fully discharged its obligation under FOIA as to this request.

5. **Plaintiff's request for "all Evidences of Judgment, Judgment(s) as Debtor, of Levy, of Garnishee, of Lien."**

Finally, Plaintiff requested "all Evidences [*sic*] of Judgment, Judgment(s) as Debtor, of

Levy, of Garnishee, of Lien." Attorney Cummiskey states in his declaration that there are "no judgments against [P]laintiff for liens or levies [that] have been reduced to judgment." (Doc. 37-1 at ¶ 24.) In his response, Plaintiff states he "accepts the Confession of [Attorney] Keven Cummiskey and states: No Judgments for liens and levies, no liens or levies." (Doc. 43 at 94.) To the extent Plaintiff seeks to argue the legal import or effect of the absence of any such judgments as to any contemporaneous tax-related disputes, such argument is wholly outside the context of this FOIA/Privacy Act lawsuit and will not be considered in the limited context of this case. The Court finds Defendant has sufficiently demonstrated on this uncontroverted record it has satisfied its burden and fully discharged its obligation under FOIA as to this request.

**B.      Plaintiff's requests for which no responsive records were discovered**

Next, the Court considers Plaintiff's FOIA/Privacy Act requests for which Defendant provided no responsive documents. These requests include:

(1) "an exact copy of THE Certification(s) (Described below and required by Federal Regulations) for years ending 1998 through 2018 complete with all certifications and signatures";

(2) "the Sworn and Attested 'Ratification of Commencement' specifically identifying Foundation of Cause of Action against [Plaintiff] stating specific violations of the Federal Regulation (C.F.R.) for which 26 U.S.C. 6702 provides authority. . . . That is: 'proof of claim' made under oath and pain and penalty of perjury, Notarized and the Claimant purporting to have the same to be Legally and Specifically identified by name; and that identified person must provide 'proof of claim' made under oath and pain and penalty of perjury, otherwise that person does NOT HAVE A CLAIM against [Plaintiff]";

(3) "an exact copy of the Demand for Payment which IRS Agent TAMARA D. FETTEROLF (ID. 1000594202) referenced on IRS Form 668(Y)(c) 'Notice of Federal Tax Lien' (417704920 and 417705020)";

(4) "forward the Contract, Agreement, Negotiable Instrument, or waiver with signature of [Plaintiff] in Blue/Blue Black ink stipulating agreement to pay any amounts in excess of that stated on lawfully filed 1040 tax return for year ending 2004, 2006, 2007, 2008 or any hear IRS alleged debt";

(5) "a copy of the valid UCC-1 Form filed, upon which is shown the alleged debtor's signature and the creditor's signature";

(6) "the financing statement/security agreement signed by the alleged debtor and the secured party"; and

10

(7) "the valid court order, based on a court judgment wherein the alleged debtor has had due process opportunity to contest the alleged debt."

### 1. Plaintiff's request for "an exact copy of THE Certification(s) (Described below and required by Federal Regulations) for years ending 1998 through 2018 complete with all certifications and signatures."

In this request, Plaintiff cites 31 C.F.R. § 285.12(i). (*See* Docs. 37-1 at ¶ 10; 43 at 26.) The regulation cited by Plaintiff provides as follows:

> Certification. Before a debt may be transferred to Fiscal Service [that is, "the Bureau of the Fiscal Service, a bureau of the Department of the Treasury"] or another debt collection center, the head of the creditor agency [that is, "any Federal agency that is owed a debt"] . . . must certify, in writing, that the debts being transferred are valid, legally enforceable, and that there are no legal bars to collection.

§ 285.12(i); *see* § 285.12(a) (defining terms "Fiscal Service" and "creditor agency"). Attorney Cummiskey states that because the IRS "can pursue federal tax liabilities through authority granted under Title 26," "[t]he regulations under Title 31 are, therefore, inapplicable to the [IRS] in pursuing [P]laintiff's federal tax liabilities" and therefore there are no responsive records concerning Title 31 regulations. (Doc. 37-1 at ¶ 11.) In his opposition, Plaintiff refers to his "Exhibit 23" that appears to be various letters to Plaintiff informing him the "Bureau of the Fiscal Service . . . applied all or part of your payment [from the Social Security Administration] to delinquent debt that you owe," including "to debt that you owe to the following agency: Internal Revenue Service," applied to a "Tax Levy." (*See* Doc. 44 at 55-76.)

Importantly, the regulation on which Plaintiff relies, § 285.12, also states: "As used in this section, the term 'debt' does not include debts arising under the Internal Revenue Code of 1986." § 285.12(a). Moreover, as Attorney Cummiskey states in his declaration, the IRS is authorized under Title 26 (specifically, 26 U.S.C. § 6331) to collect unpaid tax "by levy upon all property and rights to property (except property as is exempt under section 6334) belonging to such person." § 6331(a). Under 26 U.S.C. § 6334, social security payments made under title IV of the Social Security Act (relating to grants to states for aid and services to needy family with children and for child-welfare services) and title XVI of the Social Security Act (relating to supplemental social security income for the aged, blind, or disabled) are otherwise exempt from such levy. § 6334(a)(11)(A). Finally, § 6334(c) provides: "Notwithstanding any other law of the United

11

States (including section 207 of the Social Security Act[10]), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." *See also Beam v. U.S. Gov't,* No. 07-6035-TC, 2007 WL 1674083, at *1 (D. Ore. June 6, 2007) (noting that "[s]ocial security retirement benefits are not exempt from levy" under § 6331) (citing *Overton v. United States*, 74 F. Supp. 2d 1034, 1045 (D.N.M. Feb. 10, 1999)) (other citations omitted). As a result, the Court concludes Defendant has satisfied its burden and fully discharged its obligation under FOIA as to this request.

      **2.**     **Plaintiff's request for "the Sworn and Attested 'Ratification of Commencement' specifically identifying Foundation of Cause of Action against [Plaintiff] stating specific violations of the Federal Regulation (C.F.R.) for which 26 U.S.C. 6702 provides authority. . . . That is: 'proof of claim' made under oath and pain and penalty of perjury, Notarized and the Claimant purporting to have the same to be Legally and Specifically identified by name; and that identified person must provide 'proof of claim' made under oath and pain and penalty of perjury, otherwise that person does NOT HAVE A CLAIM against [Plaintiff]."**

In response, Attorney Cummiskey states, "Plaintiff's certificate of assessments does reference several penalties under I.R.C. § 6702," although there are no "Ratification of Commencement," "Cause of Action," or "proof of claim" associated with those penalties. (Doc. 37-1 at ¶ 14.) In his summary judgment response, Plaintiff "accepts [Attorney] Kevin Cummiskey[']s confession that there is no Complainant stating personal violation under 26 U.S. Code § 6702," and otherwise seeks to challenge the legality of Title 26 and any civil penalty assessed thereunder. Given Attorney Cummiskey's uncontroverted statement that the certificate of assessments refers to penalties assessed under § 6702, notwithstanding Plaintiff's argument concerning the legality of any such penalty which is outside the scope of the instant FOIA action, the Court finds Defendant has demonstrated it satisfied its burden and fully discharged its obligation under FOIA as to this request.

---

[10] Section 207(a) of the Social Security Act provides: "[N]one of the moneys paid or payable or rights existing under this title shall be subject to execution, levy, attachment, garnishment, or other legal process[.]" 42 U.S.C. § 407(a).

3.    **Plaintiff's request for "an exact copy of the Demand for Payment which IRS Agent TAMARA D. FETTEROLF (ID. 1000594202) referenced on IRS Form 668(Y)(c) 'Notice of Federal Tax Lien' (417704920 and 417705020)."**

In response, Attorney Cummiskey states in his declaration that a Notice of Federal Tax Lien with serial number 417704920 and dated October 23, 2020, "does not contain the phrase 'Demand for Payment'" and "it is not clear what document Plaintiff is referring to." (Doc. 37-1 at ¶ 19.) Further, Attorney Cummiskey states "None of the NFTLs issued during the period identified in the request (i.e., 1998-2018) have a number corresponding to 417705020." (*Id.*) In his summary judgment response, Plaintiff refers to an attachment to his complaint (which is again provided in his summary judgment materials) that appears to be a copy of a document titled "Notice of Federal Tax Lien," bearing serial number "417704920" and dated October 14, 2020, and includes:

> As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer [Plaintiff]. **We have made a demand for payment of this liability**, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer.

(Docs. 1-1 at 32; 44 at 52) (emphasis added). In addition, Plaintiff refers to a document titled, "Notice of Federal Tax Lien," that has serial number "417705020," and is dated October 14, 2020, that includes the following:

> As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer [(Plaintiff)]. **We have made a demand for payment of this liability**, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.

(Docs. 1-1 at 34; 44 at 53) (emphasis added). Attorney Cummiskey did not detail in his sworn statement the search completed for documents responsive to Plaintiff's request for the "Demand for Payment" referenced in the notice of federal tax liens identified by Plaintiff by serial number. Further, while Attorney Cummiskey states he did not identify the Notice of Federal Tax Lien bearing serial number 417705020 issued between "1998-2018," it is not immediately clear Plaintiff's FOIA request for this notice was limited to this time frame, unlike some of Plaintiff's

13

other FOIA requests. Moreover, to the extent Attorney Cummiskey's sworn statement can be understood as having located the notice bearing serial number 417704920 but that the language "Demand for Payment" does not exist or is unclear what it is referring to, on the instant summary judgment record, the Court cannot find Defendant has demonstrated it fulfilled its obligation under FOIA. Thus, at this time and on the instant summary judgment record, Defendant is not entitled to summary judgment as to this request.

4.    **Plaintiff's request to "forward the Contract, Agreement, Negotiable Instrument, or waiver with signature of [Plaintiff] in Blue/Blue Black ink stipulating agreement to pay any amounts in excess of that stated on lawfully filed 1040 tax return for year ending 2004, 2006, 2007, 2008 or any hear IRS alleged debt."**

As to this request, Attorney Cummiskey states, "[t]he certificate of assessment indicates that an additional tax was assessed" for these tax years, among other tax years not identified by Plaintiff in this request, and that "[t]here are no 'contract[s], agreement[s], negotiable instrument[s], or waiver[s]' that Plaintiff executed to be liable for these assessments." (Doc. 37-1 at ¶ 25.) Plaintiff does not contest this response. Plaintiff does not contest the conclusion that there is no responsive document and instead merely states the absence thereof "confirms" no such contract, agreement, negotiable instrument, or waiver exists. Plaintiff's argument that the assessment of additional taxes is not lawful is outside the scope of the instant FOIA action and does not support his argument that Defendant has not satisfied its burden under FOIA as to this request. Based on the uncontroverted summary judgment record, the Court finds Defendant has sufficiently established it fully discharged its burden under FOIA as to this request.

5.    **Plaintiff's requests for (a) "a copy of the valid UCC-1 Form filed, upon which is shown the alleged debtor's signature and the creditor's signature," and (b) "the financing statement/security agreement signed by the alleged debtor and the secured party."**

In response to this request, Attorney Cummiskey states that assuming "plaintiff is the debtor and the [Defendant] is the creditor, then no records would exist" because "[t]he [Defendant] does not require a UCC-1 form to assess and collect federal tax liabilities." (Doc. 37-1 at ¶ 26.) Furthermore, Attorney Cummiskey states, no responsive record exists inasmuch as Plaintiff seeks a signed financing statement/security interest concerning federal tax liabilities because "it is not necessary for the [Defendant] to assess and collect federal tax liabilities." (Doc. 37-1 at ¶ 27.)

In his summary judgment response, Plaintiff cites to "Public Law 89-719, 80 Stat. 1125"

14

that "conformed the lien provisions of the internal revenue laws to the concepts developed in th[e] Uniform Commercial Code." Plaintiff cites to no specific authority to support this proposition, however. *But see United States v. Buckardt*, No. 2:19-cv-00052-RAJ, 2020 WL 5632116, at *6 (W.D. Wash. Sept. 18, 2020) (rejecting argument that notice of lien was "fraudulent" because it did not comply with the UCC; noting, "Federal law governing notice of federal tax liens, however, is not controlled by the UCC"); *United States v. Peabody Constr. Co., Inc.*, 392 F. Supp. 2d 36, 38-39 (D. Mass. Feb. 24, 2005) (rejecting argument that the Uniform Commercial Code, rather than the Internal Revenue Code, governs federal tax liens). Plaintiff also acknowledges, gratuitously, that "Missouri Secretary of State found that [Plaintiff] has no uniform commercial code filing recorded in this office." (Doc. 43 at 54.) Accordingly, the Court finds Defendant has demonstrated it satisfied its burden and fully discharged its obligation under FOIA as to these two requests.

> **6.** **Plaintiff's request for "the valid court order, based on a court judgment wherein the alleged debtor has had due process opportunity to contest the alleged debt."**

As to this request, Attorney Cummiskey states in his sworn declaration: "I searched the Tax Court's website for any record of plaintiff filing a Tax Court case to dispute his proposed adjustments on the notices of deficiency issued" and that he found "one petition in Tax Court under I.R.C. § 6330 to have a collections due process hearing." (Doc. 37-1 at ¶ 28.) Attorney Cummiskey further states the suit was "dismissed for lack of jurisdiction" because it was untimely filed, and "[t]here is no indication that plaintiff ever petitioned the tax court with respect to notice of deficiencies," therefore "there are no responsive records for this request." (*Id.*) In response, Plaintiff maintains that he petitioned for a collections due process hearing in federal district court but not in tax court. (Doc. 43 at 57-58.) Plaintiff does not challenge the adequacy of this response and instead appears only to rely on the legal effect concerning Plaintiff's ongoing and ancillary tax-related dispute with Defendant. On the instant summary judgment record, the Court finds Defendant has demonstrated it satisfied its burden and fully discharged its obligations under FOIA as to this request.

**C.** **Plaintiff's requests for which records were withheld as exempt from disclosure**

Finally, the Court turns to the two remaining FOIA/Privacy Act requests for which Defendant asserted the exemption from disclosure contained in § 552(b)(6). In his second FOIA

15

request, Plaintiff sought from Defendant "Copies of Sworn and Attested Oath of Office of Claimant(s)" and "Copies of IRS agent TAMARA D. FETTEROLF Duty Assignments, Delegations of Authority showing Office Assignments of Claimant(s) and/or stating and stipulating Authority to enforce Title 27 Code of Federal Regulations for which 26 U.S. Code 6334 and § 6331 provides authority."

As to Plaintiff's request for copies of Ms. Fetterolf's oath of office (*see* Doc. 43 at 63 (clarifying that "Claimant is Ms. Fetterolf")), Attorney Cummiskey states "[i]f the request is seeking an oath of office of Ms. Fetterolf, that information is being withheld under FOIA exemption 5 U.S.C. § 552(b)(6)" as "facially categorically personal private information and thus exempt from disclosure." (Doc. 37-1 at ¶ 17.) Attorney Cummiskey stated further that "[n]o search was performed for these [exempt] records," and that

> Revenue Officers occupy a sensitive position and have a substantial interest in the nondisclosure of their identities. Ms. Fetterolf communicates directly with the plaintiff concerning the collection of his federal tax liabilities and may be subject to harassment, annoyance, or embarrassment. Revealing information pertaining to Ms. Fetterolf, on the other hand, does not serve the public interest. Thus, the individual privacy interest of Ms. Fetterolf outweighs any possible public interest.

(*Id.*) Attorney Cummiskey also stated that Delegation Orders 5-3 and 5-4 were provided to Plaintiff in response to this request. (*Id.* at ¶ 18.) These orders, Attorney Cummiskey stated, "provide Service personnel with authority to execute certain duties" and that specifically under these orders "Ms. Fetterolf, as a Revenue Officer, is delegated authority to issue Notice of Levy . . . and to sign Notices of Federal Tax Liens[.]" (*Id.*) Beyond the delegation orders, Attorney Cummiskey states "as Ms. Fetterolf is in a sensitive position as a Revenue Officer, other personnel information . . . is being withheld under FOIA exemption 5 U.S.C. § 552(b)(6)," including "any records outside of the delegation order that pertain to Ms. Fetterolf's personnel file." (*Id.*) Attorney Cummiskey states this information is "facially categorically personal private information and thus exempt from disclosure" in that "the individual privacy interests of Ms. Fetterolf outweigh any possible public interest in disclosure of these records." (*Id.*)

"FOIA Exemption 6 allows an agency to withhold 'personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1227-28 (D.C. Cir. 2008) (quoting 5 U.S.C. § 552(b)(6)). When an agency employs this exemption in response to a FOIA request, the Court

must pursue two lines of inquiry to determine whether [the agency] has sustained its burden to show that the information [the plaintiff] seeks is properly withheld under this exemption. First, [the Court] must determine whether the [requested documents or records] are personnel, medical, or 'similar' files covered by Exemption 6. If so, [the Court] must then determine whether their disclosure 'would constitute a clearly unwarranted invasion of personal privacy.' [§ 552(b)(6)]. This second inquiry requires [the Court] to balance the privacy interest that would be compromised by disclosure against any public interest in the requested information.

*Id.* at 228 (citing *U.S. Dep't of Def. v. FLRA*, 510 U.S. 487, 497 (1994)) (other citation omitted).

"The only public interest cognizable under FOIA is the public 'understanding of the operations or activities of the government.'" *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 193 (6th Cir. 2012) (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 775 (1989)) (citing *Bibles v. Ore. Nat. Desert Ass'n*, 519 U.S. 355, 355-56 (1997)); *accord Solers, Inc. v. I.R.S.*, 827 F.3d 323, 332 (4th Cir. 2016) ("The public interest is served to 'the extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to.'") (quoting *U.S. Dep't of Defense v. Fed. Labor Relations Bd.*, 510 U.S. 487, 497 (1994); *see also Judicial Watch of Fla., Inc. v. U.S. Dep't of Justice*, 102 F. Supp. 2d 6, 17 (D.D.C. 2000) ("The weight of the public's interest in disclosure depends on the degree to which disclosure would shed light on an agency's performance of its statutory duties and its compliance with the law.") (citation omitted). Generally, "[i]nformation protected under Exemption 6 includes such items as a person's name, address, place of birth, employment history, and telephone number." *Adelante Ala. Worker Ctr. v. U.S. Dep't of Homeland Sec.*, 376 F. Supp. 3d 345, 366 (S.D.N.Y. Mar. 26, 2019) (citation and quotation marks omitted) (collecting cases).

Plaintiff argues Ms. Fetterolf "is the one whom is attempting to enforce Title 26 Statutes (internal revenue code)" and her name "appears [as claimant] on the [Notice of Federal Tax Lien] . . . Notice of Levy . . . [and] who attempted 'telephone appointment' to discuss 'Your Filings/Payment For The Following Tax Periods.'" (Doc. 43 at 63.) Plaintiff argues "[t]he Authority of each individual Agent . . . is not personal or private information." (Doc. 43 at 65.)

First, the Court turns to Plaintiff's request for the "sworn and attested oath of office of [Ms. Fetterolf]" that Defendant asserts (relying on Attorney Cummiskey's declaration) is exempt from disclosure under § 552(b)(6). Attorney Cummiskey maintains this request concerns "facially

17

categorically personal private information." Yet it appears Plaintiff's request does not concern "personally identifying information" such as Ms. Fetterolf's identity, contact information, or her specific involvement as a Revenue Officer with Plaintiff's tax account or file (or that of any other taxpayer). As Attorney Cummiskey acknowledges, "Ms. Fetterolf communicates directly with plaintiff concerning the collection of his federal tax liabilities." (Doc. 37-1 at ¶ 17.) And Plaintiff is clearly aware of Ms. Fetterolf's name and her relation or involvement concerning his ongoing tax issues with Defendant, having identified Ms. Fetterolf by name throughout his FOIA/Privacy Act requests. The cases on which Defendant cites in support of applying this exemption to this request, moreover, all appear to concern the type of personal identifying information of a federal employee not involved in the circumstances of this case. (*See* Doc. 37 at 10.[11])

Even assuming a personal private interest exists in an oath of office of a federal employee, Defendant has not persuaded the Court disclosure would compromise any such privacy interest in a manner that would outweigh the public's interest (as asserted by Plaintiff here) concerning an individual like Ms. Fetterolf's "assumptions of [federal] authority" in dealing with the public.[12,13] In sum, even assuming a personal private interest exists in a federal employee's oath of office, Defendant has not adequately shouldered its "burden of showing that a substantial invasion of

---

[11] Specifically, Defendant cites: *Fed. Labor Relations Auth. v. U.S. Dep't of Treas., Fin. Mgmt. Serv.*, 884 F.2d 1446, 1456 (D.C. Cir. 1989) (holding disclosure of names and addresses of federal employees would violate the Privacy Act); *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 116 (D.D.C. 2005) (holding "names and other identifying information of government employees," in that case "lower-echelon employees" in the Department of Homeland Security and the Transportation Security Administration was exempt under § 552(b)(6)); *Judicial Watch v. Rossotti*, 285 F. Supp. 2d 17, 31 (D.D.C. 2003) (holding the "private financial interests of a prospective IRS employee" were properly withheld as exempt under § 552(b)(6)). In this way, each case is distinguishable from Plaintiff's request here.

[12] The Court is aware of several cases in which a FOIA request for a federal employee's oath of office was provided by a federal agency both with and without a court order to do so. *See Sanders v. U.S. Dep't of Justice*, No. 1:09-1425-CMC-SVH, 2010 WL 3447271, at *7 (D.S.C. Aug. 9, 2010) (noting "Plaintiff has been provided with a copy of Lathrop's Oath of Office"); *Trupei v. Drug Enforcement Agency*, 2005 WL 3276290, at *2 (D.D.C. Sept. 27, 2005) (ordering DEA to release unredacted "certified copies of the oaths of office and officer affidavits" of a specific retired DEA agent; noting other cases in which unredacted copy of an oath of office was released without court order); *Trupei v. F.A.A.*, 2005 WL 3273558, at 1 (D.D.C. Sept. 12, 2005) (noting "defendant released unredacted copies of the requested oaths of office and affidavits of the individuals who are employees of the Federal Aviation Administration"); *Ginter v. I.R.S.*, 648 F.2d 469, 472 (8th Cir. 1981) (noting copies of oaths of office of particular employees had previously been provided to the FOIA-requestor).

[13] Federal law requires federal employees take an oath of office. 5 U.S.C. § 3331.

18

privacy will occur if the document[] [is] released" in seeking summary judgment as to this request. *Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015) (citation omitted.) For these reasons, and in light of Attorney Cummiskey's acknowledgment in his supporting affidavit that "[n]o search was performed for the[] records," the Court cannot find Defendant is entitled to summary judgment concerning this specific FOIA request.

As to the second FOIA request at issue here, however, the Court finds Defendant has sufficiently demonstrated it satisfied and discharged its burden under FOIA by providing to Plaintiff Delegation Orders 5-3 and 5-4. In his sworn declaration, Attorney Cummiskey states that "Ms. Fetterolf, as a Revenue Officer, is delegated authority to issue Notices of Levy . . . and to sign Notices of Federal Tax Liens" under these delegation orders. In his summary judgment response, Plaintiff admits (1) the "Delegation Orders issued by the Secretary" were "responsive records" that were released to him, and (2) that he has received copies of these delegation orders. To the extent Plaintiff's FOIA request would encompasses other aspects of Ms. Fetterolf's personnel file, such as Ms. Fetterolf's "Duty Assignments" and "Office assignments," the Court emphasizes that Plaintiff has identified no public interest for disclosure of this information. And indeed, Courts have recognized "[g]overnment employees have at last a minimal privacy interest in their employment history and job performance evaluation." *Prison Legal News*, 787 F.3d at 1148 (citation and quotation marks omitted).[14]

---

[14] In his opposition to summary judgment, Plaintiff argues: "It is of little worth to know the Delegation Order number without knowing the specific Level of Pay Grade achieved to know the Delegated authority authorized." (Doc. 42 at 2.) First, it is significant that it does not appear Plaintiff requested the "Level of Pay Grade" Ms. Fetterolf has (or had) achieved. *See generally In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) (to exhaust administrative remedies before seeking judicial review under FOIA, "[t]he complainant must request specific information in accordance with published administrative procedures, and have the request improperly refused[.]") (citations omitted); 26 C.F.R. § 601.702(c)(5)(i) (a request for records from the IRS "must describe the records in reasonably sufficient detail"). Even if he had, however, it is likely such request may well fall under the exemption contained in § 552(b)(6). *See, e.g.*, *Coleman v. Lappin*, 607 F. Supp. 2d 15, 22 (D.D.C. 2009) (concluding withholding of information under Exemption 6 proper including as to "individuals' names, titles, Social Security numbers, dates of birth, pay grades, union affiliations, and dates of duty").

19

## IV. Conclusion

Therefore, for the reasons explained above and on this summary judgment record, it is

**ORDERED** that:

(1) Defendant's motion for summary judgment is **DENIED** as to Plaintiff's FOIA/Privacy

Act requests for:

> (a) "an exact copy of the Demand for Payment which IRS Agent TAMARA D.
> FETTEROLF (ID. 1000594202) referenced on IRS Form 668(Y)(c) 'Notice of
> Federal Tax Lien' (417704920 and 417705020)"; and
>
> (b) "Copies of Sworn and Attested Oath of Office of [Ms. Fetterolf]"; and

(2) Defendant's motion for summary judgment is otherwise **GRANTED**.

**IT IS SO ORDERED**.


s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  February 11, 2022