# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEROY SATTERLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:21-cv-03046-RK |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Defendant's supplemental motion for summary judgment. (Doc. 99.) The motion is fully briefed. (Docs. 99-1, 99-2, 102, 103, 104, 106.)[1] After careful consideration and for the reasons stated below, Defendant's supplemental motion for summary judgment is **GRANTED**.

## I. Background and Procedural Posture

This is an action brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, through which Plaintiff seeks to obtain certain documents and records from Defendant. On February 11, 2022, the Court granted in part and denied in part Defendant's initial motion for summary judgment. (Doc. 53.) As relevant here, the Court denied the summary judgment motion as to Plaintiff's FOIA/Privacy Act requests for: (1) "an exact copy of the Demand for Payment which IRS Agent TAMARA D. FETTEROLF (ID. 1000594202) referenced on IRS Form 668(Y)(c) 'Notice of Federal Tax Lien' (417704920 and 417705020)," and (2) Plaintiff's FOIA/Privacy Act request for the "Sworn and Attested Oath of Office of [Ms. Fetterolf]." Defendant's supplemental motion for summary judgment concerns only these two remaining FOIA/Privacy Act requests.

Each "Notice of Federal Tax Lien" referenced in Plaintiff's FOIA/Privacy Act request for certain demands for payment included the following:

> We have made a **demand for payment** of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to

---

[1]Local Rule 15.1(a) (in conjunction with Local Rules 7.0 and 56.1) requires a party to seek leave to file supplemental motions and sur-replies. Without objection, and without a request for leave to file, the Court *sua sponte* grants leave for (1) Defendant to file its supplemental motion for summary judgment, and (2) Plaintiff to file a sur-reply in opposition.

property belonging to this taxpayer for the amount of these taxes and additional penalties, interest, and costs that may accrue.

(Emphasis added.) The "demand for payment" referenced in these lien notices refers to balance-due notices (formally, Form CP 504) previously sent by Defendant to Plaintiff. (Doc. 99-3 at ¶ 6.) Form CP 504 balance-due notices are computer-generated notices. (*Id.*) Stephanie Whitmore, a Government Information Specialist employed by the Internal Revenue Service, attests that Defendant does not generally retain copies of these computer-generated balance-due notices.[2] (*Id.* at ¶ 6.) Specialist Whitmore attests, however, that taxpayer transcripts ("TXMODA transcripts") do record when a Form CP 504 notice is issued to a taxpayer. (*Id.* at ¶ 10.) Specifically, the taxpayer transcript includes the date the Form CP 504 notice was issued, the balance-due amount referenced on the Form CP 504 notice, and the tax year(s) giving rise to the balance due on the taxpayer's account. (*Id.* at ¶ 6.)

Specialist Whitmore attests that she located and obtained TXMODA transcripts for Mr. Satterlee for the following years: 1999, 2000-2003, 2006, 2009-2011. (*Id.* at ¶ 12.) Every TXMODA transcript includes entries that a Form CP 504 balance-due notice was sent to Mr. Satterlee and includes the dollar amount identified with each balance-due notice. (*Id.*) Specialist Whitmore attests that she also located a 1998 TXMODA transcript that records a Form CP 504 notice as having been sent to Mr. Satterlee.[3] (*Id.* at ¶ 14.) Specialist Whitmore attests that the TXMODA transcripts are the "most responsive" documents to Mr. Satterlee's FOIA request concerning the "demand for payment" referenced within the two Notices of Federal Tax Liens referenced in Plaintiff's request. (*Id.* at 5, ¶ 18.) Further, Kevin E. Cummiskey, an attorney with the Office of Chief Counsel for Procedure and Administration, attests that the ten TXMODA transcripts identified and obtained by Specialist Whitmore are "substantially responsive" to Mr. Satterlee's FOIA request, and that on May 9, 2022, the Department of Justice, Tax Division, released them to Mr. Satterlee in full. (Doc. 99-4 ¶ 11.)

As to Plaintiff's remaining FOIA/Privacy Act request for Revenue Officer Fetterolf's

---

[2] Specialist Whitmore attests that it is possible a copy may be retained in a taxpayer's administrative case file if the taxpayer included a copy of the Form CP 504 balance-due notice when corresponding with Defendant. (Doc. 99-3 at ¶ 15.) Specialist Whitmore attests that she obtained and reviewed case notes associated with Mr. Satterlee's administrative file and did not find any correspondence from him that included any Form CP 504 notices that had previously been issued to him. (*Id.*)

[3] The 1998 TXMODA transcript records a Form CP 504 notice as a "MF-STS transaction code 58." (Doc. 99-3 at ¶ 14.)

2

"Sworn and Attested Oath of Office," Attorney Cummiskey attests that on June 3, 2022, he received a copy of Ms. Fetterolf's Appointment Affidavit – also known as an Oath of Office – from the Human Resources Operations, Data Integrity, and Personnel Records department. (*Id.* at ¶¶ 4, 6-7.) Attorney Cummiskey attests that the Department of Justice, Tax Division, released Revenue Officer Fetterolf's Appointment Affidavit to Plaintiff by letter on July 19, 2022. (*Id.* at ¶ 9.)

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In considering a motion for summary judgment, the court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008) (citation omitted).

> Once the movant fulfills its responsibility of informing the court of the basis for its motion, identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial.

*Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 857 (8th Cir. 2018) (quotation marks and citation omitted).

Summary judgment is available in a FOIA action where an agency demonstrates that it has fully discharged its statutory obligations under FOIA. *Mo. Coal. for Env't Found. v. Army Corps of Eng'rs*, 542 F.3d 1204, 1209 (8th Cir. 2008). An agency meets the burden for summary judgment when the agency proves "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Miller v. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985).

> [T]he burden remains on the government to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found . . . once the agency has shown by convincing evidence that its search was reasonable, i.e., that it was especially geared to recover the documents requested, then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith.

*Id.* "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, nonconclusory, and submitted in

3

good faith." *Id.* (citing *Goland v. C.I.A.*, 607 F.2d 339, 352 (D.C. Cir. 1978)); *accord Parker v. U.S. Dep't of Just. Exec. Off. for U.S. Attys.*, 78 F. Supp. 3d 238, 242 (D.D.C. 2015) ("where a plaintiff has not provided evidence that an agency acted in bad faith, a court may award summary judgment [in a FOIA case] solely on the basis of information provided by the agency in declarations") (citation and quotation marks omitted). Affidavits may be relied on to establish either that all documents have been produced, that documents are unidentifiable, or that identified documents are exempt from disclosure. *Miller*, 779 F.2d at 1383.

### III. Discussion

At the outset, the Court emphasizes, once again, that this is a FOIA/Privacy Act case. This case does not involve – to any degree – Plaintiff's outstanding tax liability (if any). Instead, this case concerns **only** (1) Plaintiff's FOIA/Privacy Act requests for certain documents and information from Defendant, and (2) Defendant's response to those requests.

In his summary judgment response, Plaintiff argues that Defendant has failed to set forth "Admissible Evidence . . . that such TXMODA transcripts exist and were sent to Plaintiff." (Doc. 103 at 25.) Not so. As detailed above, Defendant has submitted and relied on sworn affidavits of Specialist Whitmore and Attorney Cummiskey regarding the TXMODA transcripts in response to Plaintiff's request for documents concerning the "demand of payment" referenced on the two Notice of Federal Tax Liens, as well as concerning Plaintiff's request for the Oath of Office of Revenue Officer Fetterolf. Rule 56 – the Federal Rule of Civil Procedure governing summary judgment practice in federal civil cases – expressly contemplates reliance on affidavits by a party seeking summary judgment. *See* Fed. R. Civ. P. 56(c)(1)(A), (4).

To successfully oppose a motion for summary judgment, the non-moving party (here, Plaintiff) "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Plaintiff has not done so here. Plaintiff has set forth no facts and has pointed to no evidentiary basis that the TXMODA transcripts referenced above, or Revenue Officer Fetterolf's Appointment Affidavit, do not exist or were not sent to Plaintiff. *See also* Rule 56(c)(1). Therefore, these facts are considered undisputed. *See* Rule 56(e)(2), (3) (when a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials – including the facts considered

undisputed – show that the movant is entitled to it").[4]

As set forth above, the undisputed facts show that Defendant has satisfied its FOIA/Privacy Act obligation regarding the two remaining FOIA/Privacy Act requests in this lawsuit. Defendant has provided uncontroverted admissible evidence (through affidavits) that the Form CP 504 computer-generated balance-due notices are not retained but that they are recorded on Plaintiff's taxpayer transcript as having been issued. Defendant, through the Department of Justice, Tax Division, released to Plaintiff (in full) the applicable TXMODA transcripts indicating the Form CP 504 balance-due notices that were sent to Plaintiff. In addition, Defendant has provided to Plaintiff Revenue Officer Fetterolf's Appointment Affidavit, reflecting her Oath of Office when becoming a federal employee. (Doc. 99-4 at ¶ 4.) Defendant has satisfied its FOIA/Privacy Act burden as to these two remaining requests. *See Simborio v. IRS*, No. H-06-1355, 2006 WL 3813783, at *1-2 (S.D. Tex. Dec. 26, 2006); *Coolman v. IRS*, 1999 WL 675319, at *6 (W.D. Mo. July 12, 1999), *aff'd by* 1999 WL 1419039 (8th Cir. Dec. 6, 1999). Defendant is therefore entitled to summary judgment as to these remaining FOIA requests. *See Consumer Fed'n of Am. v. U.S. Dep't of Agric.*, 539 F. Supp. 2d 225, 226 (D.D.C. 2008) ("FOIA cases are almost universally disposed of through summary judgment; once all responsive documents have been disclosed to the requesting party, there usually ceases to be any issue of material fact.") (citation omitted).

## IV. Conclusion

Therefore, after careful consideration and for the reasons explained above, it is **ORDERED** that Defendant's supplemental motion for summary judgment (Doc. 99) is **GRANTED**, and summary judgment is entered in Defendant's favor as to the two remaining FOIA/Privacy Act requests as set forth above.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 19, 2022

---

[4] Plaintiff's argument whether the Form CP 504 notices were properly or lawfully sent to him – and the legal effect of such notice, if any – is simply not relevant to this FOIA/Privacy Act lawsuit.