IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEROY SATTERLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-03046-RK |
| | ) |
| INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's pro se motion for new trial. (Doc. 109.)

The Court has entered two summary judgment orders in this pro se FOIA/Privacy Act case. First, on February 11, 2022, the Court entered summary judgment in favor of Defendant concerning all but two of Plaintiff's FOIA/Privacy Act requests. (Doc. 53.) As to those information/document requests for which the Court entered judgment in Defendant's favor, the Court did so after finding Defendant adequately demonstrated by supporting affidavit that it had satisfied its burden of production obligation for those requests. (*Id.* at 7-12, 14-15, 19.) As to the two remaining FOIA/Privacy Act requests,[1] on October 19, 2022, the Court entered judgment in favor of Defendant, finding that Defendant had satisfied its burden of production obligation under FOIA for both outstanding requests. (Doc. 107.) Twelve days later, Plaintiff filed this pro se motion for new trial with supporting suggestions. (Docs. 109, 110, 111.)

The Court construes Plaintiff's pro se filing as a motion for reconsideration. The Federal Rules of Civil Procedure do not expressly contemplate a "motion to reconsider." *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010) (citation omitted). Federal courts generally construe such a motion under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Where, as here, such motion is made pursuant to a final order (and within 28 days after entry of judgment), courts in the Eighth Circuit

---

[1] The two requests for which Defendant was initially denied summary judgment were Plaintiff's requests for a revenue agent's other of office, among other information concerning her role as a revenue agent, and a "Notice of Federal Tax Lien" as referenced in demands for payment previously issued to Plaintiff by Defendant.

generally construe the motion as one made under Rule 59(e). *See, e.g.*, *Schoffstall v. Henderson*, 223 F.3d 818, 827 (8th Cir. 2000); *Neighbors v. United States*, No. 17-00393-CV-W-RK-P, 2018 WL 11227732, at *4 (W.D. Mo. May 4, 2018). The Court has "broad discretion . . . whether to grant a motion under Rule 59(e)," which "serve[s] the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Kurz v. United States*, No. 4:19-CV-310 CAS, 2019 WL 5188976, at *1 (E.D. Mo. 2019) (citations and quotation marks omitted). Motions for reconsideration under Rule 59(e) fundamentally rest on the district court's "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (quotation marks omitted). Similarly, under Rule 60(b), post-judgment relief may be available based on "mistake, inadvertence, surprise, or excusable neglect"; "newly discovered evidence"; "fraud . . . , misrepresentation, or misconduct by an opposing party"; or "any other reason that justifies relief." Rule 60(b)(1)-(3), (6).

Much of Plaintiff's motion for reconsideration appears to take issue with the Court's first summary judgment order, and for which Plaintiff has already been denied reconsideration. (*See* Docs. 57, 63, 69.) Nevertheless, Plaintiff first appears to challenge the propriety of applying exemptions and exclusions from disclosure under FOIA/Privacy Act to several of his information requests. Yet the Court did not grant summary judgment in this case in favor of Defendant based on its assertion of exemption or exclusion from disclosure under FOIA/Privacy Act as to any of Plaintiff's numerous requests. In fact, the Court initially denied Defendant's motion for summary judgment concerning Plaintiff's FOIA request for Revenue Agent Fetterolf's Oath of Office and rejected Defendant's assertion that the information requested was exempt from disclosure under 5 U.S.C. § 552(b)(6). The Court only granted summary judgment on this request in Defendant's favor after Defendant provided the requested information to Plaintiff. (*See* Doc. 107 at 5.)

Second, Plaintiff appears to argue that he is entitled to post-judgment relief to the extent Defendant did not "produce[] as Admissible Evidence" the actual documents that were provided to Plaintiff in response to his FOIA/Privacy Act requests. In support, Plaintiff cites *Stallard v. United States*, 12 F.3d 489, 493 (5th Cir. 1994). *Stallard* is inapposite here, however. That case concerned a substantive merits challenge to the assessment of a penalty tax by the Internal Revenue Service against an individual pursuant to 26 U.S.C. § 6672. *Stallard*, 12 F.3d at 490. In that context, the Fifth Circuit discussed the presumptive validity of the penalty-tax assessment so long as at summary judgment in the substantive merits challenge to the assessment itself a Form 4340

2

(a "Certificate of Assessments and Payments" subsequently executed by the IRS) was submitted as evidence of that assessment. *See id.* at 493. As the Court has stated many times, this case concerns *only* Plaintiff's FOIA/Privacy Act requests, and nothing more. In finding that Defendant satisfied its obligation in responding to Plaintiffs' numerous FOIA/Privacy Act requests, the Court properly relied on affidavits submitted in support of Defendant's motion. *See* Fed. R. Civ. P. 56(c)(4). The Court is not aware of any special rule applicable to FOIA/Privacy Act cases that requires an agency to submit more than an affidavit in support a motion for summary judgment, and Plaintiff has provided no legal authority suggesting otherwise.

For these reasons, Plaintiff's pro se motion for new trial (Doc. 109) is **DENIED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: November 16, 2022